UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HEATHER H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01880-TWP-MPB |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Heather H. appeals the Administrative Law Judge's decision denying her application for Supplemental Security Income under the Social Security Act. Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge, (Filing No. 16), who submitted his Report and Recommendation on August 19, 2022, recommending that the decision of the Commissioner be reversed and remanded for further consideration (Filing No. 17). The Commissioner timely filed an Objection to the Magistrate Judge's Report and Recommendation (Filing No. 18). For the reasons set forth below, the Court **OVERRULES** the Commissioner's Objection, **ADOPTS** the Report and Recommendation, and **REVERSES AND REMANDS** the decision of the Commissioner for further consideration.

### I.  BACKGROUND

An extensive elaboration of the procedural and factual background of this matter is not required as the parties and the Magistrate Judge have sufficiently detailed the background of this

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

matter in the briefs and the Report and Recommendation. The Court mentions only those facts that are relevant to this decision.

On December 31, 2018,[2] Heather H. protectively applied for Supplemental Security Income benefits, alleging disability beginning on July 18, 2016, which she later amended to December 31, 2018. (Filing No. 10-2 at 17.) The claim was initially denied on April 8, 2019, and reconsidered on September 5, 2019. *Id.* Heather H. filed a written request for hearing on November 14, 2019. *Id.* On October 22, 2020, a telephonic hearing was held before an Administrative Law Judge ("ALJ"). *Id.* The ALJ issued his decision on January 8, 2021, concluding that Heather H. was not disabled under sections 216(i) and 223(d) of the Social Security Act. *Id.* On April 28, 2021, the Appeals Council denied Heather H.'s request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 3-5.

Heather H. timely filed her Complaint with the Court on June 25, 2021, seeking judicial review of the Commissioner's decision. (Filing No. 1.) On April 12, 2022, this Court issued an Order referring the matter to the Magistrate Judge for a Report and Recommendation. (Filing No. 16.) The Magistrate Judge filed his Report and Recommendation on August 19, 2022, recommending reversal and remand of the case for further consideration. (Filing No. 17.) Thereafter, on September 2, 2022, the Commissioner filed her Objection to the Report and Recommendation, asserting substantial evidence supported the ALJ's disability determination. (Filing No. 18.)

---

[2] As the Magistrate Judge noted, the ALJ's decision lists this date as December 21, 2018, but the date listed on the Application Summary for Supplemental Security Income is December 31, 2018. (Filing No. 17 at 1.)

## II.     LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 1:12-cv-439, 2013 WL 5487358,

3

at *1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009)).

### III. DISCUSSION

In her appeal of the ALJ's decision, Heather H. advanced three arguments: (1) the ALJ did not evaluate her impairments under the appropriate listing at Step Three; (2) substantial evidence did not support the ALJ's analysis of her psychological impairments; and (3) substantial evidence did not support the ALJ's conclusion that she could sustain the standing and walking requirements of light work.

Concerning the first and third arguments, the Magistrate Judge explained that the ALJ committed no error warranting remand because the ALJ properly evaluated Heather H.'s impairments under the appropriate listing, and she did not show that the ALJ's residual functional capacity evaluation of her physical abilities was not supported by substantial evidence. (Filing No. 17 at 5-8, 13-14.) Neither party objected to the Magistrate Judge's recommendation regarding these two arguments, and there is no error of law or fact in the Magistrate Judge's analysis and conclusion. Thus, the Court **adopts** these portions of the Report and Recommendation and finds that remand is not warranted regarding the evaluation of Heather H.'s impairments under Listing 12.07 or additional analysis regarding her physical abilities.

As for her second argument, Heather H. contends that ALJ based his conclusions regarding her psychological impairments on the opinion of Dr. Kurzhals, but the ALJ's analysis was not supported by substantial evidence. (Filing No. 12 at 19.) Specifically, Heather H. argues that the ALJ "made no attempt to explain what parts of Dr. Kurzhals' opinion he found persuasive and did not specifically cite to evidence that he felt contradicted the opinion, only generally citing to two exhibits that contained notes from [Heather H.[]'s therapist." *Id.* According to Heather H., these

4

notes from her therapist only mentioned that she "had a flat affect, was distractable, and had self-doubt and worry," but were not inconsistent with Dr. Kurzhals' opinion. *Id.* Heather H. asserts that the ALJ's decision that Dr. Kurzhals' opinion was "generally persuasive" is inconsistent based on his finding that the doctor's opinion did not support that Heather H. had mild limitations in her ability to understand and remember simple instructions and moderate to marked limitations in her ability to relate to coworkers, supervisors, and the public. Heather H. argues that the ALJ's analysis of Dr. Kurzhals' opinion is not supported by substantial evidence and is harmful error.

In addressing these arguments, the Magistrate Judge also reviewed Dr. Kurzhals' opinion, including the following excerpt:

> [Heather H.'s] ability to understand and remember simple instructions is estimated to be mildly impaired, due to concentration problems. Her ability to understand and remember complex instructions is estimated to be moderately impaired, due to concentration problems. Her ability to relate to coworkers, supervisors, and the public is estimated to be *moderately to markedly impaired*, due to depression, anxiety, and probable psychological symptoms.

(Filing No. 17 at 9 (citing Filing No. 10-7 at 496).) Despite this opinion, the ALJ found that Heather H.'s social impairments did not rise to the level of "marked" because she "lives with her family, cares for her children, attends to personal care, and attends regular treatment." *Id.* at 10. The Magistrate Judge, however, noted that "the ALJ never mentions the objective evidence in the record that supports" Heather H.'s testimony regarding social anxiety triggering seizure activity, including "in social settings." *Id.* This objective evidence included several seizure incidents in social settings. *See, id.* at 10-11. According to the Magistrate Judge, the ALJ based his reasoning for finding Heather H.'s limitations with interacting with others as "no more than moderate" on her ability to interact with her family and reports of her generally normal presentation. *Id.* at 11. The Magistrate Judge argues that this finding omitted important contrary evidence and, had the ALJ

5

addressed this evidence, he may have concluded that Heather H. required further social limitations. *Id.* at 11-12. The Magistrate Judge recommended remand solely on this issue.

In her Objection to the Report and Recommendation, the Commissioner argues that the Magistrate Judge overlooked that the ALJ discussed the objective evidence of Heather H.'s seizures in his decision. (Filing No. 18 at 1-2.) This argument, however, appears to misconstrue the conclusion that the Magistrate Judge made. While the ALJ's decision does appear to list some, but not all, of the reported seizure activity that the Magistrate Judge highlighted, the ALJ neither discussed nor addressed how this evidence factored into his conclusion regarding Heather H.'s psychological impairments. The ALJ's decision falls short of providing a full picture into his reasoning and demonstrating a logical path from the evidence to his conclusion. *See Dixon*, 270 F.3d at 874. The Court concurs with the conclusion of the Magistrate Judge and agrees that this case requires remand for further consideration.

## IV.    CONCLUSION

The Court finds no error of law or fact in the Report and Recommendation and therefore **OVERRULES** the Commissioner's Objection (Filing No. 18). For the reasons set forth above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 17). The final decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings.

**SO ORDERED.**

Date:   9/30/2022

*[signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

6

DISTRIBUTION:

Jonelle L. Redelman
REDELMAN LAW LLC
jonelle@redelmanlaw.com

Lindsay Beyer Payne
SOCIAL SECURITY ADMINISTRATION
lindsay.payne@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov